IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAWRENCE CHAMBERLAIN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-3482 |
| | § | |
| GLAZER'S WHOLESALE DRUG | § | |
| CO., INC., *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

On September 26, 2012, Defendant Glazer's, Inc. ("Glazer's") filed a Motion for Summary Judgment ("Motion") [Doc. # 16]. Pursuant to the Court's Local Rules, any opposition to the Motion was due within twenty-one days. *See* S.D. TEX. R. 7.3. Plaintiff Lawrence Chamberlain ("Chamberlain") has not responded, and the time to do so has expired.[1] Pursuant to the Court's Local Rules, failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.4. However, when a plaintiff fails to respond to a defendant's motion for summary judgment, the Court nevertheless must consider the merits of that motion. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995).

Glazer's only addresses Chamberlain's racial discrimination claims in its

---

[1]    Nor did Chamberlain request additional time to respond to the Motion.

Motion.   Accordingly, the Court addresses Chamberlain's gender discrimination claims *sua sponte*.   *See* FED. R. CIV. P. 56(f).   The Court concludes that the Motion should be **granted**.

## I.    BACKGROUND

The record reveals the following undisputed facts.   Glazer's is a distributor of alcoholic beverages that employs stockers to deliver its products to stores and place the products on the stores' shelves.   Glazer's hired Chamberlain in 2007 as a stocker for Houston-area Spec's Liquor Stores ("Spec's").   Upon being hired, Chamberlain signed Glazer's "Harassment, Including Sexual Harassment" Policy and Rules of Conduct.   Doc. # 16, Exh. A.   The Rules of Conduct state that employees "may" be terminated for "[e]ngaging in sexual harassment of any Company employee, Company visitor, customer's employee or vendor's employee."   *Id.*

On April 30, 2011, Wayne Hannah, a Glazer's employee who served as the account manager and contact person for Spec's, notified Will Reade, Chamberlain's supervisor, and Victoria Gutierrez, who managed Glazer's human resources matters in Houston, that a female Spec's employee made a complaint about Chamberlain. Doc. # 16, Exhs. 1, 2, and B.   The Spec's employee, Jennifer, alleged that Chamberlain came up behind her and said to her "won't you let me violate that shit real quick."   Doc. # 16, Exh. B.   She also alleged that later in the week, another

employee informed her that Chamberlain was "checking her out." *Id.* Jennifer reported Chamberlain's actions to her female receiver and her store manager. *Id.* Spec's sent Jennifer's written account to Hannah on May 3, 2012, and requested that Chamberlain no longer service any of Spec's stores. *Id.* Reade terminated Chamberlain's employment. *Id.*

Chamberlain filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC"), and a Notice of Right to Sue was issued on June 21, 2011. On September 22, 2011, Chamberlain, an African-American male, filed this suit against Glazer's and Spec's Liquor Store # 53, where Jennifer worked, alleging disparate treatment discrimination based on his race and gender. On February 23, 2012, the Court granted Chamberlain's "Motion for Nonsuit of Defendant Spec's Liquor Store # 53" [Doc. # 11], dismissing Spec's from the case. *See* Doc. # 12.

## II.   LEGAL STANDARDS

### A.   Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc);

*see also Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

The initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  The moving party, however, need not negate the elements of the non-movant's case.  *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).  The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'"  *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial.  *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).  "An issue is material if its resolution could affect the outcome of the action.  A dispute as to a material fact is genuine if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "[C]onclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (internal quotation marks and citation omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

### B.    <u>"Disparate Treatment" Discrimination Claims</u>

Chamberlain's complaint does not specify the statutory basis for his disparate

treatment discrimination claims.   Doc. # 1.    In the race discrimination context, disparate treatment claims generally are asserted under Title VII and 42 U.S.C. § 1981.  The Court therefore construes Plaintiff's complaint as asserting his claims under these statues.  *See Munoz v. Orr*, 200 F.3d 291, 299 (5th Cir. 2000).

The legal analysis for claims of  discrimination under Title VII and 42 U.S.C. § 1981 is the same.  *Patel v. Midland Mem'l Hosp. & Med. Ctr.*, 298 F.3d 333, 342 (5th Cir. 2002) (citing *Pratt v. City of Hous.*, 247 F.3d 601, 606 n.1 (5th Cir. 2001)). Section 1981 ensures that all persons have the same right to "make and enforce contracts," including "the making, performance, modification, and termination of employment contracts."   42 U.S.C. § 1981; *see, e.g.*, *Wesley v. Gen. Drivers, Warehouseman & Helpers*, 660 F.3d 211, 213 n.1 (5th Cir. 2011).  Title VII of the Civil Rights Act of 1964 prohibits employers from "discharg[ing] any individual . . . because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1).

Disparate treatment claims involve deliberate discrimination.  *Id.*  A plaintiff can meet his burden to prove the defendant's intent to discriminate through direct evidence, statistical evidence, or by satisfying the circumstantial evidence test set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See, e.g.*, *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001); *Rutherford v. Harris*

*Cnty., Tex.*, 197 F.3d 173, 179-80 (5th Cir. 1999).  To establish a *prima facie* case under *McDonnell Douglas*, the plaintiff generally must demonstrate that he:  "(1) is a member of a protected class; (2) was qualified for [his] position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class . . . ."  *Okoye*, 245 F.3d at 512-13 (citations omitted); *accord Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007); *see also Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011).

If the plaintiff establishes a *prima facie* case, a presumption of discrimination is applied and the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions.  *McDonnell Douglas*, 411 U.S. at 802; *Okoye*, 245 F.3d at 512.  The burden on the defendant at this stage "'is one of production, not persuasion . . . [and] can involve no credibility assessment.'"  *Rios v. Rossotti*, 252 F.3d 375, 379 (5th Cir. 2001) (quoting *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 142 (2000)).  If the defendant sustains its burden, "the presumption of discrimination dissipates."  *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001) (citation omitted); *see also Vaughn*, 665 F.3d at 636.  The burden then "shifts back to the plaintiff to establish:  (1) that the employer's proffered reason is not true[,] but is instead a pretext for discrimination; or (2) that the employer's reason, while true, is not the only reason for its conduct, and another

'motivating factor' is the plaintiff's protected characteristic." *Alvarado*, 492 F.3d at

611 (citation omitted).  "The plaintiff bears the ultimate burden of persuading the trier

of fact . . . that the employer intentionally discriminated against [him] because of [his]

protected status." *Wallace*, 271 F.3d at 220 (citing *St. Mary's Honor Ctr. v. Hicks*,

509 U.S. 502, 511-12 (1993); *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248,

253 (1981)).  "To establish pretext, [the plaintiff] must show that [the defendant's]

proffered explanation is false or unworthy of credence." *Vaughn*, 665 F.3d at 637

(internal quotation marks and citation omitted).   "[A]n employee's burden of

demonstrating pretext is satisfied where he brings evidence 'challenging the

substance' of the employer's reason together with 'evidence that undermines the

overall credibility of [the employer's] proffered justification.'" *Jackson v. Watkins*,

619 F.3d 463, 467 n.3 (5th Cir. 2010) (citation omitted).

## III.   <u>ANALYSIS</u>

### A.   **Race-Based Discrimination Claims**

The Court assumes without deciding that Chamberlain has satisfied his burden

to raise a fact issue on each of the first three elements of his *prima facie* case for racial

discrimination.  On the fourth element, however, Chamberlain has not shown that

there is a genuine issue of material fact.  Chamberlain, an African-American, has

failed to offer evidence, or even allege, that he was replaced by someone outside his

protected class, *i.e.*, a non-African-American.  Indeed, the record establishes without contradiction that Chamberlain was replaced by an African-American.  Doc. # 16, Exh. 1.

Further, for its legitimate articulated explanation, Glazer's asserts that it terminated Chamberlain's employment because Spec's refused to permit Chamberlain to work in any of its stores.  Glazer's did not have stocker positions available for stores other than Spec's, and Chamberlain was not qualified for any vacant non-stocker positions in Houston of which Reade was aware.  Doc. # 16, Exh. 1. Chamberlain has raised no genuine issue of material fact that Glazer's proffered reasons for terminating him were pretextual.  The uncontroverted evidence is that allegations of sexual harassment were made against Chamberlain by a Spec's employee and that Spec's did not want Chamberlain to work in its stores. Chamberlain's mere allegations in his complaint that he was falsely accused of sexual harassment and that the accusations were not sufficiently investigated are insufficient to raise a genuine issue of material fact.  The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings.  *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Chamberlain has not offered evidence, or even alleged any facts, to support his conclusory allegations that Glazer's terminated his employment because of his race.

Additionally, Glazer's served Chamberlain with Requests for Admissions on June 4, 2012.  Doc. # 16, Exh. A.  Chamberlain filed no response.  Requests for admissions are deemed admitted as a matter of law when a party fails to respond to the requests within 30 days after service.  FED. R. CIV. P. 36(a)(3); *see also Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991).  Such admissions may be used as "conclusive proof to [defendant's] motion for summary judgment." *Hulsey*, 929 F.2d at 171.  Chamberlain, therefore, is deemed to have admitted:  (1) that he made a sexually suggestive comment to a Spec's employee, (2) that a Spec's employee filed a complaint that he made a suggestive comment to her, (3) that Spec's prohibited him from entering its stores, (4) that Glazer's terminated his employment because Spec's banned him from its stores, (5) that no Glazer's employee ever made "any racial slurs or made any derogatory or offensive remark" directed at his race in his presence, (6) that he has no evidence that Glazer's terminated his employment because of his race, (7) that Glazer's reason for terminating him was "legitimate and non-discriminatory," (8) that Spec's account was the only account he serviced while employed by Glazer's, (9) that he never complained to Glazer's about racial discrimination or harassment during his employment, and (10) that he has not suffered any damages as a result of his termination.  In light of these admissions, the uncontroverted evidence, and Chamberlain's lack of evidence, the Court concludes

no genuine issue of material fact exists that Glazer's legitimate, nondiscriminatory reason for terminating Chamberlain was pretextual.

### B.  Gender-Based Discrimination Claims

To prove a *prima facie* case for gender discrimination, a plaintiff must demonstrate that he was replaced by someone of the opposite gender.  Chamberlain has offered no evidence that he was replaced by a female.  He, therefore, has not raised a genuine issue of material fact as to this element of his gender discrimination claims.

Even if the Court assumes without deciding that Chamberlain has satisfied his burden to raise a fact issue on each of the elements of his *prima facie* case for gender discrimination, Plaintiff has not raised a genuine issue of material fact whether Glazer's proffered reasons for terminating him were pretextual.  The undisputed evidence establishes that a Spec's employee accused Chamberlain of sexual harassment and that Spec's requested that Chamberlain no longer be allowed to work in its stores.  Indeed, by not responding to Defendant's Requests for Admissions, Chamberlain has admitted that he made the sexually suggestive comments to the Spec's employee; that Spec's prohibited him from entering its stores; that, as a result, Glazer's terminated his employment; and that Glazer's reason for terminating him was "legitimate and non-discriminatory."  These admissions establish conclusively that

Plaintiff Chamberlain cannot raise a genuine fact issue that Glazer's articulated reason for his termination was pretextual. Chamberlain's unsupported and conclusory allegations that his employment was terminated because of his gender are not sufficient to raise a fact issue regarding pretext and summary judgment should be granted in Defendant Glazer's favor. *See Diamond Offshore Co.*, 302 F.3d at 545 n.13.

## V.   CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that Defendant Glazer's Motion for Summary Judgment [Doc. # 16] is **GRANTED**. It is further

**ORDERED** that Defendant Glazer's race discrimination claims are **DISMISSED with prejudice.** It is further

**ORDERED** that Plaintiff Chamberlain's gender discrimination claims are **DISMISSED with prejudice** provided, however, that if Chamberlain has evidence to raise a genuine fact issue on one or more elements of his gender discrimination claim, he may submit a motion to reconsider this aspect of the Court's ruling. The motion must be accompanied by the evidence in question and must comport with Federal Rule of Civil Procedure 11. The motion must be filed by **December 11, 2012.**

SIGNED at Houston, Texas, this 30<u>th</u> day of **November, 2012.**

Nancy F. Atlas
United States District Judge